```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

         v.        Criminal No. 08-20031-001

**ANDREW PHILLIP NICHOLS**                                                      **DEFENDANT**

                        <u>O R D E R</u>

   Now on this 29th day of August, 2011, 2008, come on for consideration defendant's **Motion To Vacate, Set Aside, Or Correct Sentence** ("Motion To Vacate") (document #102); the **Report And Recommendation** of Magistrate Judge James R. Marschewski ("R&R") (document #124); and defendant's **Objections To Magistrate's Report And Recommendation** ("Objections") (document #126), and from said documents, the Court finds and orders as follows:

   1.   Defendant Andrew Phillip Nichols ("Nichols") was charged with eight counts of employing, using, persuading, enticing and coercing a minor with the intent that such minor engage in sexually explicit conduct as defined in **18 U.S.C. §2256**, for the purpose of producing a visual depiction of that minor using materials that have traveled in interstate commerce, in violation of **18 U.S.C. §2251(a)** and **(e)**.

   2.   Nichols entered a conditional plea of guilty to one count of the Indictment. On January 7, 2009, he was sentenced to incarceration for 210 months, a $10,000 fine, a $100 special assessment, and lifetime supervised release. The remaining eight

counts of the Indictment were dismissed.

3. Nichols appealed his conviction, and the Eighth Circuit affirmed. The Mandate issued on August 19, 2009.

4. On July 29, 2010, Nichols' timely filed the Motion To Vacate now under consideration. The motion was referred to United States Magistrate Judge James R. Marschewski, who appointed an attorney to represent Nichols, conducted an evidentiary hearing, and issued the R&R now under consideration.

5. The R&R reports that Nichols asserted three grounds for vacating his sentence: ineffective assistance of counsel; failure of the sentencing court to give due weight to **18 U.S.C. § 3353(a)** and **U.S. v. Booker, 543 U.S. 220 (2005)**; and sentencing disparities.

(a) With regard to the ineffective assistance of counsel claim, the R&R reported that Nichols failed to demonstrate that Cook could have uncovered additional exculpatory evidence by a more thorough investigation; that Cook objected to the inclusion of a critical sentencing enhancement for sexual contact in the Presentence Report; and that Cook did maintain communication with Nichols (albeit mainly through Nichols' mother and not in an exemplary fashion).

The R&R further reported that while Cook failed to appeal the Court's application of the sentencing enhancement for sexual contact and the sentencing court's ruling that the photographs in

question were lascivious, as requested by Nichols, such failure was not prejudicial because the photographs were clearly lascivious and what they showed met the standard for application of the sentencing enhancement for sexual contact.

(b) The R&R reported that other asserted bases for vacating the sentence were abandoned at the evidentiary hearing. The Magistrate Judge nevertheless presented a brief analysis of each claim, finding that each was without merit.

6. Nichols objects to the R&R for two reasons: first, he contends that Cook did not sufficiently communicate with him regarding objections to the Presentence Report; and second, he argues that the R&R used the wrong standard in analyzing his failure to appeal claim.

In a footnote, Nichols' counsel states that the Objections asserted are those he believes should be addressed, but that Nichols provided him with additional objections and that he has attached a document prepared by Nichols' mother setting out those additional objections "in an effort to preserve all of Nichols [sic] concerns."

Alternatively, in the event the Court overrules his Objections, Nichols asks that a Certificate of Appealability issue.

7. In support of his first Objection, Nichols contends that it is clear from the R&R that Cook did not communicate with him

before filing his initial objections to the Presentence Report. Only after the Court directed Cook to visit with Nichols directly, rather than through his mother, did Cook communicate directly with Nichols about the objections. There was one communication, as shown by the jail log, which lasted less than half an hour.

Nichols contends that the Court did not "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report," as required by **F.R.Cr.P. 32(i)(1)(A)**. He cites **U.S. v. Mitchell**, **243 F.3d 953, 955 (6th Cir. 2001)** for the proposition that failure of the sentencing court to so verify requires resentencing, even absent a showing of prejudice.

8. **Mitchell** is not controlling precedent in this Circuit, but Nichols has not cited any controlling precedent, nor has the Court's research located any such. The Court has, therefore, chosen to commence its analysis with **Mitchell** -- although it does not end there -- and it finds this objection without merit.

(a) **Mitchell** recognizes that the verification required by **Rule 32(i)(1)(A)** need not be made by an affirmative inquiry, so long as it can be determined that defendant and counsel have in fact read and discussed the Presentence Report and its Addenda. In the case at bar, at a hearing on Cook's motion to withdraw as Nichols' attorney conducted on December 18, 2008, the Court expressed its concern that Cook and Nichols were not communicating

face to face (as opposed to through the medium of Nichols' mother), and in the presence of Nichols stated as follows:

> And so, Mr. Cook, I would strongly urge you to make sure that you get in contact immediately, personally, with your client. Talk to him. Go over this report with him, and see if there are objections to be made.

Cook visited Nichols in jail on December 19, 2008, and on December 22, 2008, he notified the Probation Officer that Nichols objected to the sentencing enhancement for sexual contact.

At sentencing on January 6, 2009, the Court inquired of Nichols whether he had had enough time to visit with Cook about the case, and Nichols responded that he had, and that he was satisfied with Cook's representation.

The temporal proximity of the Court's admonition to Cook, the jail visit, the lodging of the objection, and the inquiry made at sentencing are such that the Court is fully persuaded that had Nichols not read the Presentence Report and the Addendum dated December 18, 2008, and discussed them with Cook, he would have so informed the Court at sentencing.

(b) Nichols has shown no prejudice from any failure to affirmatively inquire at sentencing if he and his attorney had read and discussed the Presentence Report and its Addenda (there was a second Addendum dated December 30, 2008, which attached a victim impact statement but did not alter any of the sentencing recommendations). While **Mitchell** requires no such showing, other Courts of Appeal that have addressed the issue do. The Tenth

Circuit, in **U.S. v. Rangel-Arreola**, **991 F.2d 1519, 1526 fn. 5 (10th Cir. 1993),** explained that to re-sentence without a showing of prejudice would "require the district court to undergo an exercise in futility in order to obtain the same sentence." The Court agrees with **Rangel-Arreola** that requiring a showing of prejudice is the better approach. Here, no prejudice is shown.

For all these reasons, Nichols' first objection to the R&R will be overruled.

9. Nichols' second objection has to do with the standard to be applied to his ineffective assistance of counsel claim. The ineffectiveness of which Nichols complains is Cook's failure to challenge on appeal (a) the Court's ruling that the photographs in question are lascivious (one of the rulings preserved for appeal by Nichols' conditional guilty plea) and (b) the Court's application of the sentencing enhancement for sexual contact.

In order to prevail, Nichols must show that Cook's failure to appeal these rulings was not based on a reasonable strategy and that the failure was prejudicial. In other words, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland v. Washington**, 466 U.S. 668, 694 (1984).

10. Courts considering ineffective assistance of counsel claims may resolve them on either the quality of counsel's performance, prejudice to the defendant, or both, whichever

approach is deemed more efficient. *Id.* at **697**. The Magistrate Judge here recommended disposal of Nichols' claim for lack of prejudice. He found that Nichols instructed Cook to appeal, and to include both the issues here under consideration in the appeal. Cook testified that he abandoned these issues because he felt they had no merit. The Magistrate Judge reported that Nichols failed to show that Cook's decision was prejudicial.

11. Rather than arguing that the Magistrate Judge was wrong, and that he was in fact prejudiced by Cook's failure to include these issues on appeal, Nichols contends that prejudice is not the proper standard. Citing **Harris v. Lockart, 755 F.Supp. 850 (E.D. Ark. 1991),** he argues that the "deliberate bypass" standard enunciated in **Fay v. Noia, 372 U.S. 391 (1963)** is more appropriate, and would result in a different outcome.

The Court in **Fay**, recognizing various federalism concerns inherent in federal review of habeas corpus petitions by state prisoners, held that a federal court could deny relief pursuant to **28 U.S.C. § 2254** "to any applicant who has deliberately bypassed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." The Court went on to say that deliberate bypass contemplated considered choice and knowing waiver by the petitioner. "A choice made by counsel not participated in by the petitioner does not automatically bar relief." **372 U.S. at 439.**

12. Unfortunately for Nichols, **Fay** was overruled in part by **Wainwright v. Sykes**, **433 U.S. 72 (1977),** and then abrogated entirely by **Coleman v. Thompson**, **501 U.S. 722 (1991),** wherein the Court said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* **at 750.**

That this rule applies equally to federal prisoners such as Nichols may be seen from the Court's further statement in **Coleman**: "By applying the cause and prejudice standard uniformly to all independent and adequate state procedural defaults, we . . . eliminate inconsistency between the respect federal courts show for state procedural rules and the respect they show for their own." **501 U.S. at 751.**

For the foregoing reasons, the Court concludes that the two appeal issues here under consideration were required to be raised on direct appeal, and this Court's review of them is now procedurally barred unless Nichols can demonstrate either "cause and actual prejudice, or that he is actually innocent." Since he has failed make -- or even attempt -- any such showing, his second objection to the R&R will be overruled.

13. In a footnote in the Objections, Nichols' counsel states that the Objections asserted are those he "believes should be addressed," but that Nichols provided him with additional objections and that he has attached a document prepared by Nichols' mother setting out those additional objections "in an effort to preserve all of Nichols [sic] concerns." The Court declines to consider the objections set out in the attached document. Nichols is represented by competent counsel, and the Court has "no obligation to entertain pro se motions filed by a represented party." **Abdullah v. U.S., 240 F.3d 683, 686 (8th Cir. 2001).**

14. Finally, Nichols requests that if his Objections are overruled, the Court issue a Certificate of Appealability under **28 U.S.C. § 2253**. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons set forth in this Order, the Court does not find that Nichols has made such a showing, and the request for a Certificate of Appealability will be denied.

**IT IS THEREFORE ORDERED** that defendant's **Objections To Magistrate's Report And Recommendation** (document #126) are **overruled.**

**IT IS FURTHER ORDERED** that the **Report And Recommendation** of Magistrate Judge James R. Marschewski (document #124) is **adopted in toto.**

**IT IS FURTHER ORDERED** that defendant's **Motion To Vacate, Set Aside, Or Correct Sentence** (document #102) is **denied.**

**IT IS FURTHER ORDERED** that defendant's request for a Certificate of Appealability is **denied.**

**IT IS SO ORDERED.**

      /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**